Filed 9/29/20  P. v. Walker CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B292956 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. MA059355 |
| DETRICK WALKER, JR. | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Charles A. Chung, Judge. Conditionally reversed and remanded with instructions.

Paul Kleven, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Acting Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Detrick Walker, Jr., was convicted of attempted premeditated murder, carjacking, and attempted robbery with gun and great-bodily-injury enhancements. On appeal from the trial court's decision not to strike the firearm enhancements, defendant asks us to remand to allow him to seek mental health diversion under Penal Code[1] sections 1001.35 and 1001.36, which he contends apply retroactively to him. We conditionally reverse the judgment and remand for the trial court to conduct a diversion eligibility hearing. Defendant also argues that we should strike the restitution fine and certain fees because he lacks the ability to pay them. We conclude, however, that he forfeited his challenge to the fine and fees.

## BACKGROUND[2]

After a jury trial, defendant was convicted of attempted premeditated murder (§ 664/187, subd. (a); count 1); carjacking (§ 215, subd. (a); count 2); and attempted robbery (§ 664/211; counts 3 & 5). The jury returned true findings on allegations that defendant personally discharged a firearm, causing great bodily injury (§ 12022.53, subd. (d)) in counts 1 and 2, that a principal was armed with a firearm (§ 12022, subd. (a)(1)) in count 3, and that defendant personally used a firearm (§ 12022.53, subd. (b)) in count 5. In the sanity phase, the jury found defendant was

---

[1] All undesignated statutory references are to the Penal Code.

[2] On April 24, 2019, we took judicial notice of the record in case no. B275943, defendant's prior appeal. As the facts underlying defendant's convictions are irrelevant to this appeal, we do not address them.

sane when he committed the offenses.[3] Defendant was sentenced to an aggregate determinate term of 14 years and a consecutive indeterminate term of 34 years to life. The court imposed the following fines and fees: $160 in court security fees (§ 1465.8), $120 in criminal conviction assessments (Gov. Code, § 70373), a $10 crime prevention fund fine (§ 1202.5) plus penalty assessments, and a $10,000 restitution fine (§ 1202.4, subd. (b)). The court imposed and stayed a $10,000 parole revocation restitution fine (§ 1202.45).

On direct appeal, this court vacated defendant's sentence and remanded with directions to reconsider the sentence in light of Senate Bill No. 620 (2017–2018 Reg. Sess.), which granted courts the discretion to strike firearm enhancements. (*People v. Walker* (May 8, 2018, B275943) [nonpub. opn.].) In all other respects, the judgment was affirmed. On remand, the trial court declined to strike the firearm enhancements and re-imposed defendant's original sentence.

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant contends sections 1001.35 and 1001.36 apply to him because his case was not yet final when the statutes were enacted. He also argues he lacks the ability to pay the restitution fine and certain fees imposed at sentencing.

---

[3] Defendant had previously entered a dual plea of not guilty and not guilty by reason of insanity.

1. **Sections 1001.35 and 1001.36 apply to defendant because the judgment in this case is not yet final.**

"In June 2018, the Legislature enacted … sections 1001.35 and 1001.36, which created a pretrial diversion program for certain defendants with mental health disorders." (*People v. Frahs* (2020) 9 Cal.5th 618, 845 (*Frahs*).) Defendant contends that because the judgment in his case was not yet final when those statutes took effect, the new diversion law applies to him under *In re Estrada* (1965) 63 Cal.2d 740. He asks us to remand to allow the trial court to determine whether he qualifies for diversion under section 1001.36. The People argue only that the mental health diversion program is not retroactive.

While this appeal was pending, the Supreme Court held that the new mental-health-diversion law applies retroactively to all cases in which the judgment is not yet final. (*Frahs*, *supra*, 9 Cal.5th at pp. 850–854.) The court also held that "a conditional limited remand for the trial court to conduct a mental health diversion eligibility hearing is warranted when, as here, the record affirmatively discloses that the defendant appears to meet at least the first threshold eligibility requirement for mental health diversion—the defendant suffers from a qualifying mental disorder (§ 1001.36, subd. (b)(1)(A))." (*Id.* at p. 857.)

A "qualifying mental disorder" is any "mental disorder … identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders, including, but not limited to, bipolar disorder, schizophrenia, schizoaffective disorder, or post-traumatic stress disorder, but excluding antisocial personality disorder, borderline personality disorder, and pedophilia. Evidence of the defendant's mental disorder shall be

provided by the defense and shall include a recent diagnosis by a qualified mental health expert." (§ 1001.36, subd. (b)(1)(A).)

Here, Dr. Rose Marie Pitt, a psychiatrist, testified that defendant was diagnosed with severe attention deficit hyperactivity disorder at a young age and was suffering from a psychotic disorder at the time he committed the offenses. According to Pitt, a psychotic disorder involves losing touch with reality, including through hallucinations and paranoia—but it is not a type of personality disorder. (See § 1001.36, subd. (b)(1)(A) [excluding personality disorders].) The conditions improved with medication. Pitt also testified that defendant's psychotic disorder was a substantial factor in his commission of the crimes. Accordingly, the record affirmatively discloses that defendant appears to suffer from a qualifying mental disorder. (§ 1001.36, subd. (b)(1)(A).)

Following *Frahs*, as we must, we will conditionally reverse the judgment with directions for the trial court to consider defendant's eligibility for mental health diversion under sections 1001.35 and 1001.36. (*Frahs*, *supra*, 9 Cal.5th at p. 857.)

2. **Defendant has forfeited his claim that he lacks the ability to pay the fine and fees.**

At sentencing, the trial court imposed a $10,000 restitution fine (§ 1202.4, subd. (b)), $120 in court facilities assessments (Gov. Code, § 70373), $160 in court security fees (§ 1465.8), and a $10 crime prevention fund fine (§ 1202.5) plus penalty assessments. Citing *Dueñas*, in which our colleagues in Division Seven held that the restitution fine and court fees may not be imposed on a defendant who lacks the ability to pay them, defendant asks us to strike the restitution fine and fees. (See

5

*People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).) We conclude he has forfeited this claim.

In *Dueñas*, the court imposed the $300 minimum restitution fine under section 1202.4, subdivision (b). (*Dueñas, supra*, 30 Cal.App.5th at p. 1169.) Here, however, the trial court imposed a $10,000 restitution fine—the statutory maximum—and courts have always been able to consider a defendant's ability to pay any amount above the statutory minimum. (§ 1202.4, subd. (d).) As such, by failing to object that he lacked the ability to pay the $10,000 restitution fine, defendant forfeited his challenge to the restitution fine and fees. (See *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154.)

## DISPOSITION

The judgment is conditionally reversed and the matter is remanded for the trial court to consider defendant's eligibility for diversion under section 1001.36.

If the court finds that defendant suffers from a mental disorder, does not pose an unreasonable risk of danger to public safety, and otherwise meets the six statutory criteria—as nearly as possible given the postconviction procedural posture of this case—the court may grant diversion. If defendant successfully completes diversion, then the court shall dismiss the charges. If the court determines that defendant does not meet the criteria under section 1001.36 or if defendant does not successfully complete diversion, then his convictions and sentence shall be reinstated. We express no view concerning whether defendant will be able to show eligibility on remand or whether the court should exercise its discretion to grant diversion if it finds him eligible.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:


EDMON, P. J.


DHANIDINA, J.

7